UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERMAINE TOUSSAINT BOLLING,

    Plaintiff,

v.                                                 Case No. 18-cv-691-pp

CHASE BANK, and MS. TYACK,

    Defendants.

---

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**

---

Representing himself, the plaintiff filed a complaint on May 2, 2018. Dkt. No. 1. Nine days later, he filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court regrets that, due to its heavy case load, it did not screen the complaint sooner.

**I.    Plaintiff's Motion to Proceed Without Prepaying the Filing Fee**

The court may allow someone to proceed without prepaying the filing fee if (1) the person shows that he is unable to pay the filing fee; and (2) the case is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

    A.    <u>Plaintiff's Ability to Pay the Filing Fee</u>

The plaintiff's motion to proceed without prepaying the filing fee said that he was single, unemployed and did not have any dependents whom he was responsible for supporting. Dkt. No. 3 at 1. He reported receiving $833 per

1

month in wages or salary, and said that in the twelve months prior to May 7, 2018, he received $3,283 in SSI payments. Id. at 2. The plaintiff stated that he paid $465 a month in rent and $100 a month in other household expenses for total expenses of approximately $575 a month. Id. at 2-3. He stated that he had $120 in savings. Id. at 3. The plaintiff explained that he was incarcerated from 2010 to 2017 and lived in a homeless shelter from September 2017 until April 2018. Id. Subtracting the plaintiff's monthly expenses from his monthly income shows that the plaintiff has about $258 a month in disposable income that he could use to pay at least part of the $400 filing fee. But the court still must analyze whether the plaintiff has stated a claim for relief.

 B. <u>Screening</u>

Although the plaintiff has demonstrated a limited ability to pay the filing feel, the court still must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). For this reason, district courts "screen" complaints filed by self-represented plaintiffs to determine whether they must dismiss complaints under these standards.

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." <u>Neitzke</u>, 490 U.S. at 327. "Malicious,"

2

although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

When a plaintiff does not have a lawyer, the court is obliged to give the plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erikson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

C. The Plaintiff's Claim

The plaintiff's complaint is brief. He asserts that between November 15, 2017 and January 15, 2018, he cashed four checks with defendant Chase Bank in Waukesha, Wisconsin. Dkt. No. 1 at 1. He says that Chase Bank charged him an eight-dollar fee to cash three of the four checks. Id. He says that Chase Bank told him that it charged an eight-dollar fee to cash checks that were over fifty dollars. Id. The plaintiff alleges, however, that when he went to the Chase Bank in New Berlin, Wisconsin in December of 2017 and tried to cash a $300 check, that bank did not charge him an $8 fee. Id. The plaintiff indicated that he had a VISA debit card and a state ID, and that he showed them to defendant Tyack at the Chase Bank in Waukesha, but that he did not receive a reimbursement of his twenty-four dollars. Id. He asks the court to award him one million dollars "for the fraudulent acts committed by Chase bank in damages." Id. at 2.

The plaintiff has filed his complaint in federal court. Federal courts have limited authority. They have the authority to decide cases that allege violations of federal law, and to decide lawsuits between citizens of different states if the amount in controversy is over $75,000. The complaint does not identify any federal law that the defendants allegedly violated by charging the plaintiff a fee of $8 per cashed check. His closing paragraph mentions "fraudulent conduct" by the defendants but does not explain how the plaintiff believes the defendants defrauded him. The plaintiff does not allege that he had an account with defendant Chase Bank of Waukesha; it is common practice for banks to

4

charge service fees to cash checks for non-customers. See "Chase Bank Check Cashing Policy: Limits Fees, Hours, & More…" FIRST QUARTER FINANCE, available at https://firstquarterfinance.com/chase-bank-check-cashing-policy-limit-fees-hours/ (last visited May 8, 2019) ("For non-customers, the fee is $8 for each cashed check.) Nor does the plaintiff explain how the New Berlin Chase Bank's choice (if that is what it was) not to charge him the $8 fee renders Chase Bank's check-cashing policy "fraudulent." The plaintiff has not stated a claim for violation of a federal law.

Nor has the plaintiff stated a "diversity" claim—a claim between citizens of different states. The plaintiff does not say where he lives (although he has a post office box in Waukesha). He does not identify the state of citizenship of either defendant. And again, he has not identified how either defendant "defrauded" him.

Even liberally construing the allegations in the complaint, the court finds that the plaintiff has not stated claims for which a federal court can grant relief. The court will dismiss the case.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. The court will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of May, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**